IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-41381
Summary Calendar
_____

BRIAN BLAINE REYNOLDS,

Plaintiff-Appellant,

versus

AMERICAN ACADEMY OF ACHIEVEMENT ET AL.,

Defendants-Appellees.

- - - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:97-CV-80
- - - - - - - - - - -
August 4, 1998
Before JOLLY, SMITH and WIENER, Circuit Judges.

PER CURIAM:[*]

Brian Blaine Reynolds appeals the district court's dismissal of his lawsuit for failure to state a claim against American Academy Achievement, Inc. and various other defendants ("the Academy"), alleging that the Academy illegally withheld taxes from his monthly retirement checks. Reynolds raised precisely the same claim in two prior lawsuits against the Academy in this circuit, both of which were dismissed. His attempt to appeal the second of these district-court dismissals was deemed frivolous by

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

this court and was dismissed as such.  See Reynolds v. American Academy Achievement, Inc., 97-10726 (5th Cir. March 13, 1998) (unpublished).  In dismissing that appeal as frivolous, this court cautioned Reynolds that the filing of any further frivolous appeals would invite sanctions.  See id.

Nevertheless, Reynolds has failed to raise any meritorious arguments challenging the district court's determination that his present claims are precluded by the district courts' adverse rulings in his prior lawsuits.  He contends that his claims are new; that the second of his prior lawsuits is not a bar to the instant case because it was never dismissed; and that the district court's failure to specifically address his contention that Walter Scott's affidavit was false requires reversal.  His arguments are incorrect on the face of the record.  Reynolds' argument that the IRS documents he submitted for the first time on appeal require reversal is likewise unavailing; this court will not consider evidence not first presented to the district court.  See Williams v. CIGNA Financial Advisors, Inc., 56 F.3d 656, 661 (5th Cir. 1995).

The instant appeal is wholly without merit and is thus frivolous.  Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1985).  Because it is frivolous, his appeal is DISMISSED.

The Academy has filed motions to supplement the record and for sanctions.  Because Reynolds' appeal is frivolous and given his litigious past and failure to heed this court's prior

warnings, the Academy's motions are GRANTED.  Reynolds is ORDERED to pay the Academy's attorney fees in the amount of $9,771 and $362 in double costs.  Fed. R. App. P. 38.

IT IS FURTHER ORDERED that Reynolds is barred from filing any pro se civil appeal in this court, or any initial civil pleading in any court which is subject to this court's jurisdiction, without the advance written permission of a judge of the forum court.  The clerk of this court and the clerk of all federal courts in this circuit are directed to return to Reynolds, unfiled, any attempted submission inconsistent with this bar.

APPEAL DISMISSED; MOTIONS GRANTED; SANCTIONS IMPOSED.